IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 1 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01358-BNB

GEORGE D. BROCHES,

        Applicant,

v.

HARLEY LAPPIN, and
WARDEN RENE GARCIA,

        Respondents.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

_____

        Applicant, George D. Broches, is a prisoner in the custody of the Federal Bureau

of Prisons at the Federal Correctional Institution at Englewood, Colorado.  Mr. Broches

has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2241.  The court must construe the application liberally because Mr. Broches is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Broches will be ordered to file an amended pleading if he wishes to pursue

his claims in this action.

        The court has reviewed the application filed in this action and finds it is deficient

because the application does not provide a clear statement of the claims Mr. Broches is

asserting.  Instead, Mr. Broches provides a lengthy, and often repetitive, narrative of

facts that he describes as the "Nature of the Case" without providing a clear statement

of the specific claims he is raising.  Because Mr. Broches has attached to the

application two grievance responses regarding two different issues, the Court assumes

that Mr. Broches intends to raise at least two separate and distinct claims in this action.

It is not clear if Mr. Broches may be raising any other claims.  Therefore, in order to

avoid any possible confusion regarding the claims he is raising in this action, Mr.

Broches will be directed to file an amended pleading that indicates clearly the specific

claims he is asserting in this action and that clearly identifies the specific facts that

support each individual claim.

Mr. Broches also is advised that any claims he raises in this action must be

habeas corpus claims.  The Court notes that the factual allegations set forth in the

application include allegations that appear to relate to the conditions of Mr. Broches'

confinement rather than the execution of his sentence.  Such conditions of confinement

claims are not appropriate in a habeas corpus action because "[t]he essence of habeas

corpus is an attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody."  **See Preiser v.**

**Rodriguez**, 411 U.S. 475, 484 (1973).  Therefore, to the extent Mr. Broches may wish

to raise claims challenging the conditions of his confinement rather than the execution

of his sentence, he must raise those claims in a separate action.  Accordingly, it is

ORDERED that Mr. Broches file an amended application that complies with this

order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Broches, together

with a copy of this order, two copies of the following form: Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

2

FURTHER ORDERED that if Mr. Broches fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 1, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01358-BNB

George D. Broches
Reg No. 12671-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

  I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ Habeas Corpus Pursuant to 28 U.S.C. §2241 form** to the above-named individuals on June 1, 2011.

       GREGORY C. LANGHAM, CLERK

       By:_____
          Deputy Clerk