IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01358-WJM-MEH

GEORGE D. BROCHES,

    Applicant,

v.

HARLEY LAPPIN, and
WARDEN RENE GARCIA,

    Respondents.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MICHAEL E. HEGARTY, United States Magistrate Judge.

Before the Court is Petitioner George D. Broches' amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed June 27, 2011; docket # 6]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. The Application is fully briefed, and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, the Court RECOMMENDS that Petitioner's Application be denied.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or

## BACKGROUND

Petitioner is serving a ninety-seven month term of imprisonment at the Federal Correctional Institute (FCI) in Englewood, Colorado, based on his conviction for bank fraud, in violation of 18 U.S.C. § 1344(i). (Docket # 19-1, ¶3; #19-2). Petitioner's projected release date from federal custody is November 13, 2012, via good conduct time release. (*Id.*)

On May 23, 2011, Petitioner, proceeding *pro se*, initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 1.)  He filed an amended application on June 27, 2011.  (Docket # 6).  Petitioner asserts two claims in the amended application.  First, he challenges the BOP's decision designating him to a Residential Reentry Center ("RRC")[2] for approximately the last six months of his sentence as a violation of the Second Chance Act of 2007, P.L. 110-199 (eff. April 9, 2008), codified at 18 U.S.C. § 3624(c).  For relief, he asks the Court to enter an injunction requiring Respondent to designate him for twelve months of RRC placement in accordance with the criteria of 18 U.S.C. § 3621(b), followed by six months of home confinement placement.  (Docket # 6, att., at 3-4).

In claim two, Petitioner asserts that the BOP violated his federal due process and equal protection rights in transferring him from F.P.C. Oxford, Wisconsin, to FCI-Englewood. Petitioner complains that for approximately one year, he "endured a series of needless [interim] transfers" to medium or high security facilities, which resulted in a custody increase. (Docket # 6, att., at 5-6). Petitioner contends that he has been forced to enter the Residential Drug Abuse Program (RDAP)

---

adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991).

[2]An "RRC" is also commonly referred to as a "community corrections center" or a "halfway house." (*See* docket # 19-1, at ¶¶ 2, 5).

at FCI-Englewood at a "non-appropriate level of custody," when he should have been transferred to a minimum security facility in North Dakota to complete the RDAP program closer to his release address. (*Id.*) For relief, Petitioner asks the Court to order the BOP to transfer him to a minimum security facility, at his appropriate level of custody, within 500 miles of his release address.

## LEGAL STANDARD

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). In the context of challenges to the length of a prisoner's placement in an RRC, the relief which may be granted is an order directing the BOP to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in an RRC. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007) (affirming grant of writ and ordering BOP to consider factors set forth in § 3621(b) to

determine whether requested transfer should be made).

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Petitioner has correctly filed his Application pursuant to 28 U.S.C. § 2241 in the District of Colorado where he is incarcerated.

## ANALYSIS

### I. Respondent Lappin is an improper party

Respondents note in their Answer that Harley Lappin, the Director of the Federal Bureau of Prisons, is not an appropriate Respondent in this action. Answer, n.1. "The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian." *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir.1995). Rene Garcia, as the warden of the facility Petitioner resides in, is the only correct Respondent. Therefore, Respondent Lappin should be dismissed.

### II. Petitioner's RRC designation was made in accordance with the Second Chance Act

On May 13, 2011, Petitioner was reviewed for placement in an RRC. (Docket #19-1, ¶ 10). Petitioner's unit team determined that approximately 180 days of pre-release RRC placement was sufficient to assist Petitioner with his re-entry into society. (*Id.*). Petitioner asserts that his RRC designation of six months does not comport with the SCA because the BOP failed to consider the factors set forth in 18 U.S.C. § 3621(b). He further asserts that the SCA directs the BOP to designate federal inmates for twelve months of RRC placement, followed by six months of home confinement.

Two statutes govern the BOP's authority to place a prisoner in an RRC, namely, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Generally, § 3621 authorizes the BOP to designate the place

of a prisoner's incarceration during a term of imprisonment, while § 3624 allows a prisoner preparing for reentry to be placed in an RRC or in home confinement during the final months of a sentence. Pursuant to 18 U.S.C. § 3621(b), the BOP has broad discretion to designate any appropriate and suitable place for the prisoner's confinement, considering–

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the [sentencing] court– (A) concerning the purposes [of the prison sentence]; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2) of title 28.]

18 U.S.C. § 3621(b).

> In 2007, Congress passed the SCA, which provides, in pertinent part:
>
> (1) In general.–The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.–The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
> . . .
>
> (4) No limitations.–Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c). Prior to the enactment of the SCA, § 3624(c) provided that assignment to an RRC under this provision would "not [ ] exceed 6 months." Thus, the SCA granted the BOP

5

discretion to place soon-to-be-released inmates into RRCs for longer periods of time. In order to effectuate this additional discretion, the BOP issued two memoranda providing guidance to its staff regarding the proper implementation of § 3624(c). The Tenth Circuit Court of Appeals has described the Memoranda as follows:

> The first memorandum, issued on April 14, 2008, addressed the statutory changes following the Second Chance Act of 2007, emphasizing that the pre-release time frame for RRC and CCC had been increased to twelve months and that there was no percentage limitation on time to be served. Additionally, the memorandum instructed staff that they must make prerelease placement decisions "on an individual basis in every inmate's case" and that "the Bureau's categorical timeframe limitations on pre-release community confinement . . . are no longer applicable, and must no longer be followed." Staff were instructed to review inmates for pre-release placements at an earlier time, e.g., seventeen to nineteen months before their projected release dates, and to consider pre-release inmates on an individual basis using the five factors from 18 U.S.C.     § 3621(b). However, the memorandum also stated that "[w]hile the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less" and that "[s]hould staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager."
>
> The second BOP memorandum, issued on November 14, 2008, addressed inmate requests for transfer to RRCs when more than twelve months remained from their projected release date (that is, non-prerelease inmates). In relevant part, the memorandum instructed staff that they could not automatically deny a non-pre-release inmate's request for pre-release transfer, but must give each request individualized consideration. However, if an inmate were to request transfer prior to the pre-release time frame of twelve months, although staff must individually consider the request, they were instructed that there was "no need" to perform immediately the statutorily prescribed individualized review. Rather, the inmate should be informed that the request would be fully reviewed in conjunction with the next scheduled Program Review. Staff were cautioned that they should not inform the inmate that he or she was ineligible for transfer because "[t]elling an inmate that he/she is ineligible for RRC placement is the same as automatically denying the inmate from even being considered for such placement, and is not in accord with Bureau Policy." The second memorandum also stated that "[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs."

*Garza v. Davis*, 596 F.3d 1198, 1202-03 (10th Cir. 2010) (internal citations omitted).

On June 24, 2010, the BOP issued a new memorandum providing revised guidance for RRC placements. (Docket # 19-1, at ¶ 8; # 19-2). The 2010 memoranda no longer requires approval by the BOP regional director for RRC placements longer than six months. *Id.* As relevant here, the 2010 memoranda also allows for a lower risk inmate to be considered for home detention, instead of RRC placement. *Id.*

In accordance with the SCA, the BOP amended its applicable regulation to state:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22 (2008).

Congress has granted the BOP considerable discretion in placing inmates. *See* 18 U.S.C. § 3621(b) (the BOP "may designate any available penal or correctional facility. . . that the Bureau determines to be appropriate and suitable"). Nothing in the SCA indicates a Congressional intent to impose any limitations or restrictions on the BOP's authority in this regard. Accordingly, the Court does not find a statutory presumption that twelve months' RRC placement is required for most inmates. Indeed, such a construction would be contrary to Congress' expressed intent for the BOP to retain its discretion on placement matters. *See* 18 U.S.C. § 3624(c)(4). Moreover, before passage of the SCA, courts repeatedly rejected arguments that the prior language authorizing prerelease custody entitled them to a particular amount of RRC placement. *See*, *e.g.*, *Zamarripa v. Peterson*, 105 Fed. Appx. 253, 254 (10th Cir. 2004) (unpublished) (quoting *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992)) ("[n]othing in § 3624(c) indicates any intention to encroach upon the [BOP's] authority to decide where the prisoner may be confined during the

pre-release period"). If Congress intended the SCA to constrain the BOP's discretion in placement decisions, it could have used express language to effectuate that change. Instead, the SCA makes no substantive changes to the BOP's discretionary authority. *See Henderson v. Davis*, No. 10-cv-00838-MSK, 2010 WL 4627802, at *3 n. 3 (D. Colo. Nov. 8. 2010).

The Court further rejects Applicant's argument that the six months of home confinement that the BOP may authorize in its discretion under § 3624(c)(2) is additional to the twelve months of prerelease custody. The statute plainly authorizes a maximum of twelve months prerelease custody, either to an RRC, or to a combination of RRC plus home confinement. *See Guess v. Werlinger,* 421 F. App'x 215, 217 (3d Cir. 2011) (unpublished); *Mayes v. Tews,* No. 09-4267-MHP, 2011 WL 1812526, at *3 (N.D. Cal. May 12, 2011) (holding that § 3624(c) imposes a cumulative limit of twelve months for any type of prerelease custody; "[s]ince home confinement may not exceed six months, a prisoner who receives six months of home confinement cannot receive more than six months of RRC.").

In sum, the Court finds no language in the SCA or the policy memoranda applying it, to support Applicant's contention that twelve months of RRC placement, and an additional six months of home placement, are presumptively necessary. *See Guzman v. Daniels*, 11-cv-00849-WYD, 2011 WL 3861582, at **2-3 (D. Colo. Aug. 31, 2011) (unpublished); *Radick v. Federal Bureau of Prisons*, 11-cv-00298-DME, 2011 WL 2692951, at **2-3 (D. Colo. July 11, 2011) (unpublished). The BOP's memoranda implementing §3624(c) are consistent with the statute. *See Bunn v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009) (unpublished) (rejecting petitioner's claim that policy memoranda were invalid because they conflicted with Congress' intent in enacting § 3624(c)).

The BOP is vested with broad statutory authority to determine the length of a prisoner's RRC

and/or home detention assignment. *See* 18 U.S.C. § 3624(c)(1) and (4). As such, the Court's review is a limited one. So long as the BOP properly followed the statutory guidelines and related agency regulations and policies in making the RRC placement decision for Applicant, the Court may not second guess the BOP's substantive decision. *See Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009).

Respondent has submitted a Declaration from Petitioner's case manager, Frank Palmer. (Docket #19-1). Mr. Palmer states that he considered the five statutory factors contained in 18 U.S.C. § 3621(b). (*Id.* at ¶ 10). Specifically, Mr. Palmer reviewed:

> the resources of the facility contemplated; nature and circumstances of the offense; history and characteristics of the offender, including his work performance, FRP participation and disciplinary history; any statement by the Court that imposed the sentence; any pertinent policy statement issued by the sentencing commission; and the inmate's resources including family support, general job skills and release residence. I determined that a recommendation of approximately 6 months of pre-release RRC placement was of sufficient duration to assist the Applicant with his re-entry needs including search for employment and reintegration into the community. In reviewing the pertinent factors, there were no unusual or extraordinary circumstances justifying RRC placement beyond 6 months. This was due to the Application's family ties, educational level including participation in numerous educational programs while incarcerated, and financial resources.

(*Id.*). Applicant's unit team completed an institutional referral for RRC placement on June 10, 2011 and sent it to the Community Corrections Manager with a recommended placement date of May 23, 2012. (*Id.* at ¶ 12; docket # 19-4). The Institutional Referral for RRC Placement was signed by Warden Garcia. (Docket #19-4).

Petitioner asserts in his Traverse that the BOP failed to conduct the individualized assessment required by the SCA and the agency's policies, as evidenced by the fact that his case manager met with him for only two minutes and did not discuss the factors set forth in § 3621(b). Traverse, at 6. However, Petitioner does not point to any language in 28 C.F.R. §570.22 or the

9

memoranda interpreting the SCA that requires BOP staff to discuss the § 3621(b) factors with the inmate. Rather, the BOP must simply take the relevant facts into account in its decision-making process.

The BOP's designation of Petitioner for approximately six months of pre-release RRC placement was an appropriate decision, within the scope of the BOP's statutory authority, and did not deprive Petitioner of his due process rights. Petitioner, therefore, is not entitled to federal habeas relief for his claim that his sentence is being executed unlawfully. *See Radick*, 2011 WL 2692951 at *3; *Henderson*, 2010 WL 4627802, at **2–3.[3]

**III. Petitioner's transfer to different facilities within the BOP is not cognizable under 28 U.S.C. § 2241 and does not state a constitutional deprivation**

For his second claim, Petitioner challenges his transfer from the Federal Prison Camp (FPC) in Oxford, Wisconsin to FCI-Englewood, Colorado, including the accompanying interim facility transfers and temporary security changes, as a violation of his federal constitutional rights. He requests that the Court order the BOP to transfer him to a minimum security federal facility within 500 miles of his release address, such as FPC-Yankton, South Dakota. Petitioner asserts that he was scheduled to be transferred to FPC-Yankton to complete the RDAP program before he was placed arbitrarily in administrative detention and transferred to FCI-Englewood.

"A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and

---

[3]The Court notes that Petitioner raises an additional assertion, in his Traverse, that the BOP "routinely transfer[s] inmates to halfway houses for the last six months of their sentence[s]," and "[r]egardless of the length of their sentence, . . . [a]ll prisoner's sentence monitoring computation data sheets are electronically calculated." Traverse, at 7. However, Petitioner's contention is contradicted by his subsequent allegation that some inmates at FCI-Englewood have received "more than six months [halfway house placement]." *Id.*

seeks the remedy of immediate release or a shortened period of confinement." *McIntosh*, 115 F.3d at 811-12 (internal quotations omitted). By contrast, a civil rights action attacks the conditions of the prisoner's confinement. *Id.* Claims challenging the conditions of a federal inmate's confinement may not be pursued in a habeas corpus proceeding. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). An inmate's challenge to his transfer from one prison facility to another within the same jurisdictional entity is not cognizable under 28 U.S.C. § 2241. *See Antonelli v. Keffer,* 243 F. App'x 384, 386 (10th Cir. 2007) (unpublished) (citing *McIntosh*);[4] *accord Abdulhaseeb v. Ward*, 173 F. App'x 658, 660-661 and n.3 (10th Cir. 2006) (unpublished) (petitioner's challenge to his placement and confinement in a restricted housing unit pending investigation of a disciplinary charge related to the conditions of his confinement, rather than the fact or length of his confinement, and was improper under 28 U.S.C. § 2241).

Petitioner requests a transfer to a minimum security BOP facility closer to his release address where he can complete the RDAP program. He is seeking a change in the location and conditions of his confinement and his remedy does not lie in habeas corpus. *See McIntosh***,** 115 F.3d at 811-12 (citing *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995) (if prisoner seeks

---

[4]*Antonelli* also relied on the reasoning in *Boyce v. Ashcroft*, 251 F.3d 911, 917-918 (10th Cir. 2001), *judgment vacated on rehearing as moot*, 268 F.3d 953 (10th Cir. 2001), that § 2241 may be used to challenge the underlying authority of an entity to hold a prisoner in custody, but may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system. *See Antonelli*, F. App'x at 386. *Boyce* distinguished *Montez v. McKenna*, 208 F.3d 862, 864-65 (10th Cir. 2000), wherein the Tenth Circuit determined that a prisoner's challenge to the constitutionality of his transfer from a state prison in Wyoming to a private prison in Colorado was cognizable in a habeas petition under 28 U.S.C. § 2241. Petitioner, like the prisoner in *Boyce*, and the prisoner in *Antonelli*, is a federal prisoner who disagrees with the BOP's choice of prisons. Absent further direction from the Tenth Circuit, this Court declines to extend the *Montez* decision beyond its specific facts.

a "quantum change" in his level of custody, such as freedom, his remedy is habeas corpus; if he seeks a different program, location or environment, his challenge is to conditions rather than fact of confinement and remedy is under civil rights law) (citations and quotations omitted)). Petitioner may pursue his claims challenging the constitutionality of his transfers and his related requests for injunctive relief in a civil rights action under 28 U.S.C. § 1331. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–32, 1236 (10th Cir. 2005) (stating that 28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement).

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that the amended Application for A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (docket #6) be denied as follows:

(1) CLAIM ONE, challenging the BOP's decision concerning Petitioner's RRC placement, should be DISMISSED WITH PREJUDICE.

(2) CLAIM TWO, challenging Petitioner's transfer to FCI-Englewood, should be DISMISSED WITHOUT PREJUDICE, because the claim is not cognizable under 28 U.S.C. § 2241.

Respectfully submitted at Denver, Colorado, this 30th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge