IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-01358-WJM-MEH

GEORGE D. BROCHES,

    Applicant,

v.

HARLEY LAPPIN, and
WARDEN RENE GARCIA,

    Respondents.

---

**ORDER AFFIRMING AND ADOPTING IN ITS ENTIRETY
RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on U.S. Magistrate Judge Michael E. Hegarty's Recommendation ("Recommendation") (ECF No. 21) that this Court deny George E. Broches's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") (ECF No. 6).  Mr. Broches filed Objections to the Recommendation (ECF No. 22), to which Respondents filed a Response (ECF No. 23), and Mr. Broches filed a Reply (ECF No. 24).  For the following reasons, Mr. Broches's Objections to Magistrate Judge Hegarty's Recommendation are OVERRULED, and Magistrate Judge Hegarty's Recommendation is AFFIRMED and ADOPTED in its entirety.

When a magistrate judge issues a recommended outcome on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's disposition that has been properly

objected to." Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). Here, Mr. Broches filed timely objections to Magistrate Judge Hegarty's Recommendation, *see* Fed. R. Civ. P. 72(b)(2), which effectively challenge all of Magistrate Judge Hegarty's recommendations. Therefore, this Court reviews the issues before it *de novo*.

Mr. Broches's Application challenges two actions by Respondents ("the BOP"). First, Mr. Broches challenges the BOP's decision to place him in a Residential Re-entry Center ("RRC") for approximately six months. Mr. Broches argues that he should have instead been placed in an RRC for 12 months and been given six months of home confinement, and argues that the BOP did not adequately consider the requisite factors under 18 U.S.C. § 3621(b) ("the § 3621(b) factors"). (ECF No. 6, at 3-5.) Magistrate Judge Hegarty, in a thorough Recommendation, correctly determined that nothing in the governing statute or policy memoranda presumptively entitles Mr. Broches to 12 months in an RRC and/or six months of home confinement. *See, e.g.*, 18 U.S.C. § 3624(c)(1) ("The [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends **a portion of the final months** of that term (**not to exceed** 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.") (emphasis added). As for the BOP's required consideration of the § 3621(b) factors, the BOP has

come forward with declarations from the decision-makers who determined the length of Mr. Broches's RRC placement. (ECF No. 19, Ex. 1; ECF No. 23, Exs. 7, 11.) Those declarations make clear that the BOP thoroughly considered the § 3621(b) factors.[1,2]

Second, Mr. Broches challenges the BOP's decision to transfer him from a federal prison in Wisconsin to a federal prison in Colorado. In his Recommendation, Magistrate Judge Hegarty determined that Mr. Broches's challenge is not cognizable under 28 U.S.C. § 2241, and instead must be brought in a civil rights action. In Mr. Broches's Objections, he only makes arguments challenging the BOP's motivation for transferring him, and therefore has not called into question Magistrate Judge Hegarty's conclusion that this claim is not cognizable under 28 U.S.C. § 2241. Magistrate Judge Hegarty correctly determined that the claim is not cognizable under 28 U.S.C. § 2241. *See Antonelli v. Keffer*, 243 F. App'x 384, 386 (10th Cir. 2007) (holding that a federal

---

[1] In *Atkins v. Garcia*, No. 10-cv-03043, 2011 WL 4018078 (D. Colo. Sept. 8, 2011), a case on which Mr. Broches relies, the court remanded for the BOP to weigh the § 3621(b) factors, after concluding that the evidence as a whole did not sufficiently indicate that the relevant factors had been adequately considered. That makes that case distinguishable from this case, where there is insufficient reason to call into question the veracity of the declarations submitted by the BOP.

Mr. Broches also grossly misrepresents the holdings of certain cases, arguing that the courts in those cases affirmatively ordered the BOP to provide the prisoners in those cases with 12 months in an RRC. Those cases advanced by Mr. Broches merely remanded the actions for the BOP to conduct the necessary balancing of the § 3621(b) factors.

[2] Mr. Broches also argues that it was improper for only one BOP representative to discuss his RRC placement with him, rather than the entire unit team, and that the BOP representative only did so for two minutes. Mr. Broches provides no legal support for the proposition that these alleged failures warrant granting his habeas application, and, as Magistrate Judge Hegarty pointed out in the Recommendation, these circumstances do not indicate that the BOP did not sufficiently weigh the § 3621(b) factors in making its RRC placement decision.

prisoner's challenge to his transfer from one federal prison to another is not cognizable under 28 U.S.C. § 2241, but instead must be filed as a *Bivens* claim in a civil rights action).

For the foregoing reasons, it is hereby ORDERED that:

1. Mr. Broches's Objections (ECF No. 22) to Magistrate Judge Hegarty's Recommendation are OVERRULED;

2. Magistrate Judge Hegarty's Recommendation (ECF No. 21) is AFFIRMED and ADOPTED in its entirety;

3. Mr. Broches's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) is DENIED;

4. Claim 1 of the amended Application, which challenges the BOP's decision regarding Mr. Broches's RRC placement, is DISMISSED WITH PREJUDICE, *see McDowell v. Zavaras*, 417 F. App'x 755, 757 (10th Cir. 2011) (a claim under 28 U.S.C. § 2241 that is resolved on the merits is properly dismissed with prejudice); and

5. Claim 2 of the amended Application, which challenges Mr. Broches's transfer to FCI-Englewood, is DISMISSED WITHOUT PREJUDICE, *see Jones v. Chester*, No. 08-3285, 2009 WL 331614, *2 (D. Kan. Feb. 10, 2009) (stating that a claim not cognizable under 28 U.S.C. § 2241 is properly dismissed without prejudice); and

6. Each party shall bear his own costs and attorney's fees.

Dated this 8th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge